**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Gregory Velez, | ) | |
| | ) | No.: 9:19-cv-03022-JMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Randall Williams, Warden, | ) | |
| | ) | |
| _____ | ) | |

Petitioner Gregory Velez has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Currently before the court is Respondent Randall Williams' ("Warden") Motion for Summary Judgment. (ECF No. 25.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. In December 2020, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended the court grant Respondent's Motion for Summary Judgment. (ECF No. 45.) Petitioner filed Objections to the Report (ECF No. 48), and the Warden filed a Reply to Petitioner's Objections. (ECF No. 49.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and adopts the findings therein (ECF No. 45) and **GRANTS** the Motion for Summary Judgment (ECF No. 25).

## I.     RELEVANT BACKGROUND

In November 2008, Petitioner was indicted in South Carolina state court "for first degree burglary, two counts of kidnapping, criminal conspiracy, armed robbery, and possession of a weapon during a violent crime." (ECF No. 45 at 1-2.) He was ultimately convicted of these charges after a jury trial in 2011 and sentenced to twenty-five years of imprisonment. (*Id.* at 2.) On appeal, "Petitioner's appellate counsel filed a[n] . . . *Anders* Brief and petitioned to be relieved as counsel."

(*Id.* (explaining an *Anders* brief "effectively concedes that the appeal lacks a meritorious claim and provides a framework for counsel to withdraw") (citation omitted).) In the *Anders* brief, counsel raised the issue of whether "the trial judge err[ed] by considering the fact that appellant exercised his right to a jury trial and imposing a twenty-five year sentence when two of his codefendants who pled guilty received ten year sentences and the other codefendant received a twelve year sentence[.]"[1] (*Id.*) The South Carolina Court of Appeals dismissed the appeal and granted counsel's request to be relieved from the case. (*Id.* (citation omitted).)

In April 2013, Petitioner filed a Post-Conviction Relief ("PCR") Application alleging "ineffective assistance of counsel, due process violations, and illegal search and seizure," which was denied.[2] (*Id.*) When subsequently petitioning for a writ of certiorari, Petition brought two claims:

> I. Did the PCR Court err in dismissing the Appellant's Post-Conviction Relief Action on the basis that trial counsel was not ineffective in his failure to cross-examine the witness Jerry Leaphart about his plea and the fact that he was threatened by the Solicitor to add five (5) years to his sentence if he did not testify?
>
> II. Did the PCR Court err in dismissing the Petitioner's Post-Conviction Relief action in not finding that counsel was ineffective for admitting a letter from Co-Defendant Jeremy Leaphart as evidence at trial? That in admitting this letter Counsel opened the door for the admission of a reply letter from the Petitioner. This error prejudiced the Petitioner and also allowed the State to have the last argument at closing?

(*Id.* at 3.) The South Carolina Court of Appeals denied the writ. (*Id.*)

Thereafter in October 2019, Petitioner filed the Petition before the court under § 2254. (ECF No. 1.) Petitioner stated four grounds to support his Petition: ineffective assistance of counsel, ineffective assistance–malicious prosecution, excessive sentence, and prosecutorial

---

[1] Petitioner did not respond to his counsel's *Anders* brief. (ECF No. 45 at 2.)
[2] Petitioner initially brought the application *pro se*, but thereafter retained counsel. (ECF No. 45 at 2.)

misconduct.[3] (*Id.* 5-10.) In March 2020, the Warden filed the instant Motion for Summary Judgment, seeking summary judgment based on the pleadings. (ECF No. 25.) Petitioner filed a Response (ECF No. 43), to which the Warden replied (ECF No. 44).

## II.      JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 Habeas Petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.      LEGAL STANDARD

A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[3] Petitioner has since stated that he has abandoned his prosecutorial misconduct claim. (ECF Nos. 45 at 3 n.2; 43 at 14 n.2.)

B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

C.  Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not

4

grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### D. Procedural Default

A petitioner's failure to raise in state court a claim asserted in his § 2254 petition "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support

the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Walker v. Martin*, 562 U.S. 307, 315–16 (2011). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford*, 548 U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 744-51).

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S. at 750). "In *Coleman*, . . . the Supreme Court held that . . . a federal habeas 'petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings to establish cause.'" *Fowler v. Joyner*, 753 F.3d 446, 460 (4th Cir. 2014) (quoting *Coleman*, 501 U.S. at 752). Subsequently, in *Martinez*, the Supreme Court recognized a "narrow exception" to the rule stated in *Coleman* and held that, in certain situations, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. The Fourth Circuit has summarized the exception recognized in *Martinez* as follows:

> [A] federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim;" and (4) state law "requires that an ineffective-

assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler*, 753 F.3d at 461 (internal brackets omitted) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

In the alternative to showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, *e.g.*, actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327-28 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

## IV.    ANALYSIS

A party's objection to a magistrate judge's report must generally be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

Petitioner contests the Report's findings for ineffective assistance in Ground 1, ineffective assistance–malicious prosecution in Ground 2, and an excessive sentence in Ground 3. For Ground 1, Petitioner reemphasizes that his trial counsel's performance was in fact substandard when counsel introduced a letter from his co-Defendant at trial that opened the door to rebuttal. (ECF No. 48 at 1-2.) Petitioner also insists this act resulted in prejudicial harm, as such evidence was crucial because the case in reality amounted to a "he said/they said case." (*Id.* at 2.) Petitioner further disputes the record holds "overwhelming evidence of guilt," as noted by the PCR court and the Magistrate Judge. (*Id.* (citation omitted).) Regarding Ground 2, Petitioner offers a general objection "to the Magistrate Judge's finding that the PCR judge did not unreasonably apply *Strickland* or base his adjudication on an unreasonable determination of the facts." (*Id.*) Rather than further specifying any error, he simply asks the court to hold "an evidentiary hearing to assess for itself [co-Defendant Jeremy] Leaphart's credibility." (*Id.*) Lastly, Petitioner argues that Ground 3 is not procedurally barred because he in fact raised the issue of an excessive sentence before a state court previously, although not in his PCR application or adjudication. (ECF No. 48 at 3.)

Here, the court overrules Petitioner's objections. The court finds the objections concerning Ground 1 restate Petitioner's earlier arguments that were adequately addressed by the Report. (ECF No. 45 at 7-12.) Specifically, Petitioner's objections merely repeat the claims that his trial counsel's performance was substandard and prejudicial, thus proving ineffective assistance of counsel. (*Compare* ECF No. 43 at 2-8, *with* ECF No. 48 at 1-2.) However, the Magistrate Judge spent a considerable portion of the Report discussing why trial counsel's performance was not substandard under the highly, doubly deferential standard at issue and, in any event, the

"overwhelming evidence of Petitioner's guilt" precluded a finding of ineffective assistance under *Strickland*.[4] (ECF No. 45 at 7-12.) The court thus overrules Petitioner's rehashed objection.

Likewise, Petitioner failed to offer a "specific and particularized" objection regarding Ground 2, instead simply disagreeing with the ruling. The court therefore overrules this objection.[5] *See Midgette*, 478 F.3d at 621. Finally, for Ground 3, the court observes that Petitioner brought the precise argument that his excessive sentence claim was not procedurally barred before the Magistrate Judge. (*See* ECF No. 43 at 11.) The Magistrate Judge properly considered and addressed this argument.[6] As Petitioner's objections are rehashed, general, and non-specific, and

---

[4] The court observes that, even if trial counsel's performance was substandard, the record demonstrates Petitioner could not have demonstrated prejudice under *Strickland*. The specific performance at issue is as follows: trial counsel decided to introduce a letter written by co-Defendant Leaphart—which disclaimed Petitioner's involvement in the underlying crime—in an attempt to impeach Leaphart on cross examination with a prior inconsistent statement. (ECF No. 45 at 8-10.) However, by doing so, counsel opened the door to the prosecution introducing a letter written by Petitioner that disclaimed *Leaphart's* involvement in the crime, thus making it appear as though the two co-Defendants "were coordinating their actions to avoid legal responsibility for the crime." (ECF No. 43 at 5.) Further compounding the issue is that Leaphart made the *same* statement contained in the letter to police. (ECF No. 45 at 8-10.) Thus, trial counsel could have purportedly impeached Leaphart with his statements to police without risking any rebuttal evidence that might have been harmful to Petitioner, but failed to take this route. Regardless, the PCR judge's determination that Petitioner failed to prove prejudice was simply not unreasonable given the evidence in the record, which included the following:

> [T]wo of the three codefendants testified that Petitioner concocted the armed robbery scheme, all three codefendants detailed the events of the robbery and identified Petitioner as being in possession of the only shotgun used during the robbery; two victims of the robbery corroborated the codefendants' testimony about the details of the crime (including use of a shotgun); and Petitioner was found near the scene of the crime with shotgun shells in his pocket.

(ECF No. 45 at 11-12 (citing ECF No. 24-2 at 125-26).) Such evidence shows the outcome of Petitioner's trial would have remained unchanged even if both letters had not been introduced. Petitioner therefore cannot satisfy *Strickland's* prejudice prong.

[5] The court relatedly declines Petitioner's request to hold an evidentiary hearing on this matter.

[6] (*See* ECF No. 45 at 16-17 n.5 ("Petitioner asserts that this issue was raised in the *Anders* brief on *direct* appeal, which preserves the issue for *collateral* federal habeas review. Petitioner contends *Ehrhardt v. Cartledge*, No. C/A 3:08-2266-CMC-JRM, 2009 WL 2366095, at *9 (D.S.C. July 30,

the court finds no clear error on the face of the record, the court accordingly accepts the Report, adopts the findings therein, overrules Petitioner's Objections, and grants the Motion for Summary Judgment.

## V.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Respondent's Motion for Summary Judgment. (ECF No. 25.) The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 45) and incorporates it herein by reference.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability in this case.

---

2009), stands for this proposition. Petitioner is mistaken. Indeed, *Ehrhardt* explicitly applied the procedural bar to several claims that were not raised in the PCR application nor addressed by the PCR Court. *See id.* at *14 n.9, n.10.) (emphasis in original).) The court finds such reasoning is proper. In essence, Petitioner asks the court to examine an issue not raised before the PCR judge because a state court considered it previously. Were this allowable, a defendant's denial on appeal in state criminal court is all that would be necessary to bring a § 2254 claim before this court, thus completely skipping the underlying PCR process altogether. *See Barton v. Lewis*, No. 9:18-CV-748-RBH, 2019 WL 1416887, at *8 (D.S.C. Mar. 29, 2019), *appeal dismissed*, 819 F. App'x 183 (4th Cir. 2020) (claims not considered by the PCR judge are procedurally barred); *see also Ayre v. South Carolina*, No. 9:08-CR-4032-HMH, 2009 WL 185633, at *2 (D.S.C. Jan. 23, 2009) (dismissing claims for ineffective assistance brought under § 2254 because, although such claims were denied on direct appeal, the petitioner never filed an application for PCR for these claims and thus had not exhausted his state remedies). The court consequently overrules Petitioner's objections regarding Ground 3.

10

**IT IS SO ORDERED.**

United States District Judge

March 5, 2021
Columbia, South Carolina